IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Plaintiff,                  No. CIV S-07-0828 LKK EFB P

        vs.

JOHN SULIVEN, et al.,

l        Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On July 10, 2007, the court found that plaintiff's initial complaint failed to state a claim upon which relief could be granted, informed plaintiff of the deficiencies and dismissed the complaint with leave to amend. Plaintiff filed a first amended complaint on July 27, 2007. The court has reviewed that first amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds that it, too, fails to state a claim for relief.

        As in the initial complaint, plaintiff alleges that he has been forced to take psychotropic medications for many years, and that this has damaged his mental functioning. The court already explained the standards that apply to his allegations. The court will repeat those standards for

1

plaintiff.  To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Prisoners have a federally protected liberty interest in freedom from being forcibly medicated with psychotropic medications.  *Washington v. Harper*, 494 U.S. 210, 227, 228 (1990).  The Fourteenth Amendment permits a state to treat a prisoner found to have a serious mental illness with antipsychotic drugs against the prisoner's will if the prisoner is dangerous to himself or others and the treatment is in the prisoner's medical interests.  *Id.*  In order to state a claim that he has been medicated in violation of the Due Process Clause of the Fourteenth Amendment, a prisoner must allege that once he refused treatment prescribed by a psychiatrist, he nonetheless was medicated without having notice and a meaningful opportunity to be heard before medical professionals, including the opportunities to have a lay adviser who understands the psychiatric issues involved, to be present and to cross-examine witnesses.  *Harper*, 494 U.S. at 233-36.

Plaintiff's allegations fail to allege facts sufficient at least to state a claim pursuant to 28 U.S.C. § 1915A under either of these theories.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

1 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

2 | Dated: February 8, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE